**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-2295**

─────────

LUIS OVIDIO PALACIOS,

               Petitioner,

     v.

MERRICK B. GARLAND, Attorney General,

               Respondent.

─────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────

Submitted:  May 17, 2022                                      Decided:  June 1, 2022

─────────

Before RICHARDSON and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────

Petition dismissed by unpublished per curiam opinion.

─────────

**ON BRIEF:** Daniel Christmann, CHRISTMANNLEGAL, Cornelius, North Carolina, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Sheri R. Glaser, Senior Litigation Counsel, Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Ovidio Palacios, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the Immigration Judge's ("IJ") decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  The Board agreed with the IJ that Palacios was not entitled to cancellation of removal as a matter of discretion.  We dismiss the petition for review.

The Attorney General may cancel removal of an applicant who meets four statutory criteria: 1) at least 10 years of continuous physical presence in the United States; 2) be of good moral character; 3) have no convictions for certain enumerated offenses; and 4) "establish[] that removal would result in exceptional and extremely unusual hardship to the [applicant's citizen or lawful permanent resident] spouse, parent, or child[ren]."  8 U.S.C. § 1229b(b)(1).  But even if the applicant satisfies these four statutory requirements, the Attorney General retains discretion to deny cancellation of removal.  *See Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021).

Under 8 U.S.C. § 1252(a)(2)(B)(i), entitled "Denials of discretionary relief," we lack "jurisdiction to review any judgment regarding the granting of relief under . . . [§] 1229b," which is the provision governing cancellation of removal at issue in these proceedings.  But we retain jurisdiction to decide a challenge to the discretionary denial of cancellation of removal if that challenge presents a colorable constitutional claim or question of law that satisfies the exception in 8 U.S.C. § 1252(a)(2)(D) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court

2

of appeals"). *See Gonzalez Galvan*, 6 F.4th at 558. While we may retain jurisdiction to review whether an applicant has not met the exceptional and extremely unusual hardship requirement of § 1229b(b)(1) as a mixed question of law and fact, we have emphasized that such a ruling "is separate and distinct from the Board's ultimate discretionary determination whether to grant or deny an application for cancellation of removal after an applicant meets the four statutory eligibility requirements." *Id*. at 560. As for the discretionary determination, we reiterated that "when an applicant meets the statutory eligibility requirements for cancellation of removal, we plainly lack jurisdiction to review the ultimate discretionary action taken on his application," unless authorized by § 1252(a)(2)(D). *Id*. at 558.

The Board agreed with the IJ that Palacios did not meet his burden of demonstrating that he merits cancellation of removal as a matter of discretion. Even if we review Palacios' challenges to the agency's findings on the statutory requirements for cancellation, we lack jurisdiction to review the discretionary denial of relief unless Palacios' challenge to that denial is in the form of a colorable constitutional claim or question of law. Because Palacios does not assert such a challenge, we lack jurisdiction to review the Board's determination that Palacios is not entitled to cancellation of removal as a matter of discretion. And because that discretionary determination is dispositive as to Palacios' petition for review, we dismiss the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*